UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00402-TBR

RONKE OYEKUNLE                                                    Plaintiff

v.

MORGAN & POTTINGER, P.S.C.                              Defendant

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion to Dismiss.  (Docket #9).

Plaintiff has not responded and the time for doing so has elapsed.  For the following reasons,

Defendant's motion to dismiss (Docket #9) will be GRANTED.

## BACKGROUND

Plaintiff Ronke Oyekunle claims that Defendant Morgan & Pottinger, P.S.C. violated the

Fair Debt Collections Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA").

Oyekunle alleges the Morgan & Pottinger is attempting to collect a debt which was originally

owed to Capital One Bank.  (Docket #1).  While the complaint is not clear, it appears that

Morgan & Pottinger filed a lawsuit against Oyekunle in Kentucky state court.  Oyekunle alleges

that she was not properly served in that lawsuit.  (Docket #1).

Morgan & Pottinger now moves to dismiss this lawsuit on the grounds that Oyekunle has

not properly served Morgan & Pottinger in this lawsuit.  (Docket #9).  Oyekunle attempted

service of process by having the United States Marshals Service send a certified letter to 2401

Stanley Gault Parkway, Louisville Ky.  (Docket #7).  Morgan & Pottinger states this address is

the location of an office of Morgan & Pottinger, but not the location of Morgan & Pottinger's

principal office, which is 601 W. Main St., Louisville, KY 40202.  Morgan & Pottinger also

states that the individual who signed, Paula Thompson, is not an employee of Morgan &
Pottinger.  (Docket #9).

## STANDARD

"Rule 12(b)(4) permits defendants to seek dismissal of a plaintiff's complaint because of
insufficiency of process."  *Phillips v. Tenn. Hotel Supply*, 2006 U.S. Dist. LEXIS 19516 *2 (D.
Tenn. 2006).  Insufficient process "'concerns the form of the process rather than the manner or
method of its service.'"  *Id.* (*quoting* 5B Charles Alan Wright & Arthur R. Miller, Federal
Practice and Procedure § 1353 (3d ed. 2004)).

"Rule 12(b)(5) permits defendants to seek dismissal of a plaintiff's complaint because of
the insufficiency of service of process."  *Id.*  "In considering a motion to dismiss, pursuant to
Rule 12(b)(5), this Court must accept as true all well pleaded allegations of the complaint,
although reference to the record is permissible to determine the alleged insufficiency of service
of process."  *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio, 1982).

## DISCUSSION

Morgan & Pottinger argues Oyekunle's complaint should be dismissed because of
insufficient service of process.  A corporation may be served in the same manner as an individual
or "by delivering a copy of the summons and of the complaint to an officer, a managing or
general agent, or any other agent authorized by appointment or by law to receive service of
process." Fed. R. Civ. P. 4(h).  An individual may be served by "following state law for serving a
summons" or by:  "(A) delivering a copy of the summons and of the complaint to the individual
personally;  (B) leaving a copy of each at the individual's dwelling or usual place of abode with
someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an
agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).

A corporation may be served under Kentucky law by "serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf."  Ky. CR 4.04(5).

Oyekunle served, via certified mail, an office of Morgan & Pottinger, but not Morgan & Pottinger's main office.  This is not service on an officer, manager, or registered agent.  *Moore v. Lowe's Cos.*, 2013 U.S. Dist. LEXIS 64883 *7 (W.D. Ky. 2013); *Dana Mills, Inc. v. Brookline Fabrics, Inc.*, 94 F.R.D. 297 (N.D. Ill. 1982).  While Morgan & Pottinger claims that the person who received notice is not an employee, even if she was an employee, serving an employee is not sufficient service of process.  *Melkaz Int'l v Flavor Innovation*, 167 F.R.D. 634, 640 (E.D.N.Y. 1996) ("plaintiff may not serve corporation by leaving copy of summons and complaint with person of suitable age and discretion at corporation's headquarters");  *PNC Bank, N.A. v. Citizens Bank of N. Ky., Inc.*, 139 S.W.3d 527 (Ky. App. 2003) ("service on a corporation [must] be made on a representative who is so integrated with the corporation that it is reasonable to presume that the representative will know what to do with the legal papers served on him").  Finally, whether Morgan & Pottinger ultimately received notice of the lawsuit is "irrelevant," as there "must be strict compliance with FRCP 4(h)."  *Baade v Price,* (1997, DC Dist Col) 175 FRD 403.  Accordingly, Oyekunle has failed to properly serve Morgan & Pottinger, and this case may be dismissed without prejudice.  *Willey v. Ward*, 197 F. Supp. 2d 384, 387 (D. Md. 2002); *Speelman v. United States*, 461 F. Supp. 2d 71 , 72 (D.C. Cir. 2006) ("The Court may dismiss a complaint without prejudice for ineffective service of process").

Morgan & Pottinger also requests dismissal based on Rule 12(b)(4).  However, Morgan & Pottinger does not explain how the summons constituted insufficient process.  Specifically, Morgan & Pottinger does not detail any defects in the form of the process.  *See Moore v. Lowe's*

3

*Cos.*, 2013 U.S. Dist. LEXIS 64883 *4 (W.D. Ky. 2013) ("Rexon fails to point to any part of Rule 4, or any case, which states that using an improper address renders the form of process insufficient").  Morgan & Pottinger's arguments instead address the method of service. Accordingly, Rule 12(b)(4) does not support Morgan & Pottinger's motion to dismiss.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket #9) will be GRANTED.

A separate order and judgment shall issue.

cc:     Counsel
        Ronke Oyekunle
        7415 Steeplecrest Circle #303
        Louisville, KY 40222